UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY HORNBECK,<br>CDCR # BD4346,<br><br>                Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>                Defendant. | Case No.: 3:21-cv-00491-CAB-AGS<br><br>**ORDER:**<br><br>**(1) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR IMPROPER VENUE PURSUANT TO 28 U.S.C. § 1391(b), (e), AND 28 U.S.C. § 1406(a);**<br><br>**AND**<br><br>**(2) DENYING WITHOUT PREJUDICE MOTION TO PROCEED IFP (ECF No. 2)** |

      Plaintiff Terry Hornbeck ("Plaintiff"), currently incarcerated at Calipatria State Prison, is proceeding pro se in this civil rights action ostensibly pursuant to 42 U.S.C. Sections 1983. (*See* ECF No. 1, Compl.)

      Plaintiff has not prepaid the $402 civil and administrative filing fee required by 28 U.S.C. Section 1914(a) and has instead filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. Section 1915(a)(1). (ECF No. 2.)

1

**I.  Venue**

The Court finds that the Southern District of California is not the proper venue for Plaintiff's case.  Venue may be raised by the Court *sua sponte* where the defendant has not yet filed a responsive pleading and the time for doing so has not run.  *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

Although the only named Defendant is the United States, Plaintiff's allegations focus on alleged violations of his rights by individuals at FCI Victorville, which is located in the Central District of California, California Correctional Center, which is located in the Northern District of California, and High Desert State Prison, which is located in the Central District of California.  (*See* Compl. at 1, 3-4, 15-16.)

To the extent Plaintiff wishes to sue the individuals who allegedly violated his rights at these institutions, venue is improper in the Southern District of California.  In general, "[a] civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . ." 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986).  Because no Defendant is alleged to reside in the Southern District of California, and none of the events allegedly took place here, Plaintiff cannot bring his case in this District.  (*See generally* Compl.)

To the extent Plaintiff seeks to sue the United States, a different part of 28 U.S.C. Section 1391 applies. Section 1391(e) explains that a civil action against "the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred . . . , or (C) the plaintiff resides if no real property is involved in the action" 28 U.S.C. § 1391(e)(1).  It is possible that Plaintiff could allege that venue is proper in the Southern District of California based on the third prong of Section 1391(e)(1), but only if he alleges that he is a resident of the Southern

District of California. Although Plaintiff is currently housed at Calipatria State Prison, which is located in the Southern District of California, that is not dispositive—rather, residence for venue purposes focuses on the place of domicile, not current residence. *See* 28 U.S.C. § 1391(c)(1) ("a natural person . . . shall be deemed to reside in the judicial district in which that person is domiciled . . . ."); *see also* 14D Wright & Miller, *Fed. Prac. & Proc. Juris.* § 3805 (4th ed. 2020) ("[A] prisoner usually is considered a temporary inhabitant of the place where incarcerated and thus 'resides' for venue purposes where domiciled before imprisonment." (collecting cases)). In the absence of an allegation that Plaintiff was domiciled in the Southern District of California prior to imprisonment, venue is improper even under the third prong of 28 U.S.C. Section 1391(e)(1).

Pursuant to 28 U.S.C. Section 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." Given that Plaintiff may ultimately be able to show that venue is proper in this District, or one of at least two other Districts, the Court finds that the interests of justice weigh in favor of dismissal without prejudice rather than transfer.

Finally, the Court notes that even if Plaintiff were able to allege that venue is proper in the Southern District of California his case would nevertheless be subject to dismissal for failure to state a claim. Plaintiff's suit is apparently brought pursuant to 42 U.S.C. Section 1983, (*see* Compl. at 1), which authorizes a private right of action for "the deprivation of a right secured by the federal Constitution or statutory law" by "a person acting under color of *state* law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (emphasis added). In other words, Section 1983 applies only to claims against state actors, and the doctrine of sovereign immunity bars suits for monetary damages under that section against the United States. *See, e.g.*, *Goh v. Dep't of Veterans Affairs*, No. 1:14-cv-00315 LJO SKO, 2014 WL 5093279, at *4 (E.D. Cal. Oct. 9, 2014) ("[S]uits against the United States brought under civil rights statutes, [including] 42 U.S.C. § . . .

3

3:21-cv-00491-CAB-AGS

1983 . . . , are barred by sovereign immunity." (citation omitted)). Although a right of action for civil rights violations by federal actors may exist under the Supreme Court's decision *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 399 (1971) and subsequent cases, that right is limited to suits against individuals, not the United States itself. *See Holloman v. Watt*, 708 F.2d 1399, 1401-02 (9th Cir. 1983). Accordingly, as currently alleged Plaintiff's Complaint would be subject to dismissal even in a proper venue.

## II. Conclusion and Order

For the reasons set forth above, the Court hereby:

(1) **DISMISSES** this action without prejudice for improper venue pursuant to 28 U.S.C. Section 1406(a);

(2) **DENIES** without prejudice the Motion to Proceed IFP (ECF No. 2);

(3) **GRANTS** Plaintiff **forty-five (45)** days leave from the date this Order in which to file an Amended Complaint which cures the venue deficiency noted above. Any Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in an Amended Complaint will be considered waived. *See* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."). If Plaintiff cannot allege that venue is proper in the Southern District of California, he must refile his case in a proper venue.

If Plaintiff fails to submit an Amended Complaint addressing the venue deficiency

\\\
\\\
\\\
\\\

noted above within 45 days, this action will remain dismissed without prejudice for improper venue pursuant to 28 U.S.C. Section 1406(a) without further order of the Court.

**IT IS SO ORDERED.**

Dated: June 3, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge